**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


IMMIGRATIONPORTAL.COM, *et al.*,  :
                                  :
        Plaintiffs,               :
                                  :
    v.                            :   Civil Action No. 03-2606 (JR)
                                  :
MICHAEL CHERTOFF, Secretary,      :
U.S. Department of Homeland       :
Security, *et al.*,               :
                                  :
        Defendants.               :


**<u>MEMORANDUM</u>**


Nearly three years ago, on December 22, 2003, nine individuals and plaintiff ImmigrationPortal.com, an "unincorporated association of individuals, including over 72,000 registered members and numerous other individuals who congregate online on the Internet primarily to share information regarding and seek redress against violations of Immigration and Nationality laws" (Complaint ¶ 9), brought suit against the Secretary of Homeland Security, the director of Citizenship and Immigration Services, and the directors of the five regional service centers of USCIS, as well as the Attorney General of the United States, seeking declaratory and injunctive relief and mandamus upon their claim of unreasonable delays in the processing of employment-based adjustment of status (AOS) applications and challenging the USCIS policy of requiring repeated applications for the issuance of employment

authorization and advance parole and for repeated fingerprints
during the pendency of AOS applications.  On March 10, 2004,
plaintiffs moved for class certification [#12].  The government
answered [#15] and opposed the class certification motion [#16].
On March 31, 2005, I denied the motion for class certification
[#28] "for reasons that will be set forth in a memorandum to
follow."

        This memorandum, which follows more than 18 months
after the denial of the motion for class certification, is
unjustifiably overdue and may indeed come too late to be of any
practical use to plaintiffs, since, by the time class
certification was denied, the adjustment of immigration status
applications of all nine of the named plaintiffs had been
approved [see #27] making the denial of class certification the
"death knell" of what remains of plaintiffs' suit.  Indeed, when,
nearly a year ago, I called for a status report from plaintiffs,
expecting that additional individuals might be named as
plaintiffs and specific relief sought as to them, or perhaps that
ImmigrationPortal.com might deliver on its undertaking to file an
amended complaint [see #22, at 16], plaintiffs' only response was
to state that they are "currently awaiting a memorandum of
reasons from the Court" [#31].  Thus the denial of class
certification does, as the government suggests, throw into

question whether anything remains of this case that is justiciable, and a dispositive motion is invited.

As to the reasons for denial of class certification, they can be stated quite succinctly:

1.  If there are questions of law or fact common to the class, Rule 23(a)(2), they do not predominate over questions affecting only individual members, Rule 23(b)(3).  In their supplemental memorandum [#22], plaintiffs have collected deposition testimony that in their view supports the general proposition that "essentially all Employment-Based Adjustment of Status ("EBAS") applications involve the same practice, procedures and questions of law."  Id. at 1.  The plaintiffs, however, do not dispute the defendants' description of a process (or processes) that are complex and involve many steps that need to be completed, one after another.  It does not require expertise in queueing theory to conclude, as I do from the record, that the bureaucratic process of pushing paper through any number of check stations will encounter backups and will take a long time.  At the same time, the named plaintiffs have demonstrated, to their disadvantage in this case if not to the long-term advantage of the government, that filing a lawsuit to complain about bureaucratic delays is one way to get paper moved more quickly.  Indeed, all nine of the people who were named in the original complaint have somehow miraculously found their way

through the system.  Defendants' recitation of the status of six
named plaintiffs who were awaiting adjudication of their
applications for adjustment of status under employment-based
categories as of April 22, 2004, when defendants filed their
initial opposition to the motion for class certification [#16-1,
at 4-8], demonstrates that all six of them encountered
significant delays.  It does not demonstrate that they
encountered the delays for the same reasons, or that any
particular type or form of delay predominated over any other.

2.  Plaintiffs have not demonstrated that the party
opposing the class has acted or refused to act on grounds
generally applicable to the class, Rule 23(b)(2).  At the outset
of this case, and at oral argument, it seemed that plaintiffs
were attempting to identify some specific provision of the
regulations, or some specific practice, that was unreasonable,
but their only support for the proposition that defendants have
acted or refused to act in a way generally applicable to the
entire class is to assert, as they do in their reply [#17, at 3],
that "defendants have unreasonably delayed the processing of AOS
applications -- an act generally applicable to the entire class."

The standing of ImmigrationPortal.com is questionable.
In their papers, plaintiffs refer to ImmigrationPortal.com as an
"association," but it appears simply to be a website, hosted by
plaintiffs' counsel.  One can apparently register to be a

- 4 -

"member" of an "Immigration Portal Forum," to post comments or to exchange information, but whether such "membership" satisfies the associational standing requirement laid down by case law remains to be seen.  If plaintiff seeks to proceed further with this case, the subject will have to be addressed.


                              JAMES ROBERTSON
                        United States District Judge